UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HIGUERAL PRODUCE, INC.,

                Plaintiff,

      -against-

CKF PRODUCE CORP., CFK PRODUCE II
CORP., KOJI UENO, ELPIDIO K. UENO,

                Defendants.
------------------------------------------------------------------X

**ORDER**

18-CV-6760 (NGG) (SJB)

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Higueral Produce, Inc. brings this action against Defendants CKF Produce Corp. ("CKF"), CKF Produce II Corp. ("CKF II"), Koji Ueno ("K. Ueno"), and Elpidio K. Ueno ("E. Ueno") alleging that Defendants violated the Perishable Agricultural Commodities Act ("PACA") (codified at 7 U.S.C. § 499a et seq.) when they failed to pay for produce purchased from Plaintiff. (See Compl. (Dkt. 1).) Upon Plaintiff's application and in light of Defendant's failure to appear in or otherwise defend this action, the Clerk of the Court entered Defendant's default on January 11, 2019. (Entry of Default (Dkt. 11).) Currently pending before the court is Plaintiff's motion for default judgment. (Pl. Mot. for Default J. ("Mot.") (Dkt. 13).) The undersigned referred Plaintiff's motion to Magistrate Judge Sanket J. Bulsara, who issued a report and recommendation ("R&R") that the court grant the motion against all Defendants except CFK II. (R&R (Dkt. 21) at 1.) Judge Bulsara also recommended that the court order Plaintiff to show cause why interest should begin accruing 10 days, instead of 21 days, after each invoice date. (Id. at 29.)

    Plaintiff is an Arizona corporation that buys and sells wholesale quantities of produce. (Compl. ¶ 3.) CKF and CFK II are New York corporations that buy wholesale quantities of produce for resale. (Id. ¶¶ 4-5.) K. Ueno and E. Ueno were "officer[s], director[s] and/or

1

shareholder[s] of CKF, . . . [and] controlled the operations of CKF." (Id. ¶¶ 6-7). Plaintiff alleged, "upon information and belief," that CKF II was "under the direction and control of" the other Defendants and that it used the "tangible and intangible assets of CKF in its operations." (Id. ¶ 43.) Between July 27, 2018 and August 28, 2018, Plaintiff sold and delivered $109,898.07 worth of produce to CKF. (Id. ¶ 9.) Defendants (except CKF II) accepted the produce but failed to pay for it, despite repeated demands from Plaintiff. (Id. ¶¶ 9-10.) CKF also received all of Plaintiff's invoices without objection. (Id. ¶ 36.)

Plaintiff brought this action on November 28, 2018, alleging seven claims: (1) failure to make payment to Plaintiff from the PACA statutory trust, in violation of PACA and PACA regulations, seeking injunctive relief against all Defendants (id. ¶¶ 14-16); (2) failure to promptly tender full payment for the delivered produce in violation of PACA, seeking damages from all Defendants (id. ¶¶ 17-21); (3) unlawful dissipation of PACA trust assets by a corporate official, seeking damages from K. Ueno (id. ¶¶ 22-26); (4) unlawful dissipation of PACA trust assets by a corporate official, seeking damages from E. Ueno (id. ¶¶ 27-31); (5) failure to pay for goods sold, seeking damages from all Defendants (id. ¶¶ 32-34); (6) breach of contract, seeking damages from CKF (id. ¶¶ 35-40); and (7) successor liability, seeking damages, plus accrued interest, costs, and attorney's fees, from CKF II (id. ¶¶ 41-48). Plaintiff also seeks interest and attorney's fees under PACA from all Defendants. (Id. ¶¶ 49-51.) Plaintiff moved for default judgment under PACA only, seeking $109,898.07 in damages, plus $9,497.55 in interest through February 12, 2019, and $6,400.51 in attorney's fees and costs, for a total of $125,796.13. (Mot. at 1; see also R&R at 3.)

Judge Bulsara determined that entry of default judgment was appropriate because: (1) Defendants' failure to respond to the complaint demonstrated that their default was willful (R&R

2

at 6-7), (2) he could not conclude there was any meritorious defense to the allegations because Defendants did not appear to present evidence of a defense (id. at 7), and (3) Plaintiff would be prejudiced if the motion for default were denied (id. at 7-8).

Judge Bulsara determined that Plaintiff had demonstrated CFK, K. Ueno, and E. Ueno's liability under PACA. (Id. at 9-14.) Judge Bulsara further determined, however, that Plaintiff had not provided sufficient information to establish successor liability for CFK II. (Id. at 14-17.) He therefore recommended that this court deny Plaintiff's motion for judgment against CFK II. (Id. at 17.) No party has objected to this finding, and the time in which to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 29-30.) Therefore, the court reviews this portion of the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Having found no clear error, the court ADOPTS Judge Bulsara's recommendation, GRANTS Plaintiff's motion for default judgment against CFK, K. Ueno, and E. Ueno, and DENIES Plaintiff's motion for default judgment against CFK II.

Judge Bulsara then considered whether an award of damages was appropriate as to CFK, K. Ueno, and E. Ueno (collectively, the "Remaining Defendants"). (R&R at 17-19.) Because Plaintiff submitted its invoices—and Defendants have not contested the amounts set forth therein—Judge Bulsara recommended that Plaintiff be awarded in damages the principal sum of the unpaid invoices, $109,898.07. (Id. 17-19.) Again, no party has objected, and the court finds no clear error. The court therefore ADOPTS Judge Bulsara's recommendation and awards Plaintiff $109,898.07 in damages.

3

Plaintiff also seeks prejudgment interest beginning on the date each invoice became past due through February 12, 2019, the date on which it filed its motion for default judgment. (See id. at 20.) Plaintiff's attorneys calculated that this amounts to a total of $9,497.55. (Id.) Judge Bulsara determined that the 18% interest rate per annum suggested by Plaintiff was reasonable and consistent with awards in this circuit (see id. at 21), but noted that Plaintiff's evidence provided two conflicting sets of dates on which interest should begin accruing. (Id.) He observed:

> According to the account statement generated by [Plaintiff] itself, the due date for each of the subject invoices was 21 days after the produce was delivered. . . . However, in the Interest Chart attached to the motion (generated by its attorneys), [Plaintiff]'s counsel has indicated a ten-day due date, rather than 21 days.

(Id. (citation omitted).) As Judge Bulsara further noted, ten days is the default term under PACA, but parties are free to agree to a longer term. (See id. at 21-22 (citing 7 U.S.C. § 499b(4); Havana Potatoes of N.Y. Corp. v. United States, 136 F.3d 89, 91 (2d Cir. 1997); 7 C.F.R. § 46.2(aa)(5)).) He therefore recommended that this court order Plaintiff to show cause why interest should begin accruing 10 days, instead of 21 days, after each invoice date. (R&R at 22, 29.) On August 27, 2019, however, Plaintiff submitted a letter waiving the 11 additional days of interest. (See Pl. Aug. 27, 2019 Letter (Dkt. 22) at 1.) The court therefore finds that interest will begin accruing 21 days after the produce was delivered.

Additionally, Plaintiff objects to Judge Bulsara's assertion that it did not request a further award of accrued interest through the date on which judgment is entered. (Id. at 1 (citing R&R at 22 n.7).) In fact, Plaintiff did request an award of "additional accrued interest and fees through and including the date of entry of judgment." (See Pl. Mem. in Supp. of Mot. (Dkt. 15) at 10.) Accordingly, the court holds that interest should be awarded until the date of entry of judgment. The Clerk of Court should calculate the interest using the invoice amounts and per diem interest

4

rates in the table below—reproduced from Judge Bulsara's R&R (R&R at 22)—from 21 days after the date of each delivery until the date on which judgment is entered.

| Date Produce Delivered | Invoice Amount | Per Diem Interest |
| --- | --- | --- |
| 7/27/18 | $15,960.00 | $7.87 |
| 8/2/18 | $15,105.00 | $7.45 |
| 8/3/18 | $20,697.60 | $10.21 |
| 8/12/18 | $17,543.55 | $8.65 |
| 8/16/18 | $16,119.92 | $7.95 |
| 8/28/18 | $24,472.00 | $12.07 |

Finally, Judge Bulsara recommended that the court award Plaintiff $5,985.00 in attorney's fees and $66.76 in costs. (See R&R at 23-28.) Again, no party has objected, and the court finds no clear error.

For the foregoing reasons, the court ADOPTS Judge Bulsara's R&R with modification. The court GRANTS Plaintiff's motion for default judgment as to Defendants CFK, K. Ueno, and E. Ueno and awards damages as follows:

- $109,898.07 in damages on its PACA claim, together with prejudgment interest as laid out above;
- $5,985.00 in attorney's fees; and
- $66.76 in costs.

The court further DENIES Plaintiff's motion for default judgment as to Defendant CFK II and DISMISSES Plaintiff's claims against CFK II without prejudice. The court also further DISMISSES without prejudice Plaintiff's remaining claims, on which Plaintiff did not move for default judgment.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

5